**136 Nev., Advance Opinion 32**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSHUA RAY HONEA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76621

**FILED**

JUN 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK



Appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault of a minor under 16 years of age. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Reversed and remanded.*

Jonathan E. MacArthur, P.C., and Jonathan E. MacArthur, Las Vegas; Monique A. McNeill, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Alexander G. Chen, Chief Deputy District Attorney, and Stacy L. Kollins, Deputy District Attorney, Clark County,
for Respondent.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

## OPINION

By the Court, STIGLICH, J.:

In this opinion, we are asked to examine a previous version of NRS 200.366 (2007),[1] Nevada's sexual assault statute, to determine whether age alone was determinative of nonconsent or of the victim's ability to resist or understand the nature of the sexual conduct. Because NRS 200.366 did not contain an age of consent, the mere fact of a victim's age did not establish a lack of consent or an inability to resist or understand the nature of the conduct. Therefore, the district court's instructions to the jury that 16 was the age of consent to sexual penetration and that consent in fact by a child under 16 years of age was not a defense to the crime of sexual assault of a minor under 16 were incorrect statements of law and given in error. Additionally, the district court erred in failing to give an inverse jury instruction supporting the defendant's theory of defense. Because we cannot say these errors were harmless beyond a reasonable doubt, we reverse and remand for a new trial.

### BACKGROUND

The State filed 52 charges against appellant Joshua Honea, all relating to his relationship with the victim, a minor. Honea was in his late teens and early twenties during his relationship with the victim, who was 11 when she met Honea and 15 when their relationship concluded. The victim told investigating officers, and testified at the preliminary hearing, that she and Honea had a sexual relationship for years. However, when the

---

[1]Throughout this opinion, we refer to the version of the statute in effect when appellant Joshua Honea was charged. *See* 2007 Nev. Stat., ch. 528, § 7, at 3255-56.



victim was 18 years old, she recanted her story during trial and stated the two were just friends.

Before the district court submitted the case to the jury, Honea requested the following jury instruction:

> Physical force is not necessary in the commission of sexual assault. The crucial question is not whether a person was physically forced to engage in a sexual assault but whether the act was committed without her consent or under conditions in which the defendant knew or should have known, the person was incapable of giving her consent or understanding the nature of the act.

> Thus, if the State fails to prove beyond a reasonable doubt that the person did not consent or fails to prove beyond a reasonable doubt that the defendant knew or should have known the person was incapable of giving her consent or fails to prove beyond a reasonable doubt that she did not understand the nature of the act, you must find the defendant not guilty of Sexual Assault.

The State proposed an instruction declaring, "[c]onsent in fact of a minor child under the age of 16 years to sexual activity is not a defense to a charge of Sexual Assault with a Minor Under Sixteen Years of Age." Over Honea's objection, the district court gave the State's instruction and rejected his instruction. The district court also instructed the jury that, "[i]n Nevada, the age of consent to sexual penetration is sixteen." A jury acquitted Honea of all but one of the 52 charges, convicting him of Count 39, sexual assault of a minor under 16 years of age.[2]

---

[2]Count 39 alleged that Honea and the victim had sexual intercourse sometime between June 30, 2013, and December 31, 2014. The evidence adduced at trial showed that the victim was 15 years old and Honea was 21 or 22 years old at the time of the conduct alleged in this count.

## DISCUSSION

*The victim's age, by itself, was not dispositive of any element of sexual assault*

Honea argues the district court erred by instructing the jury that the age of consent to sexual penetration is 16 years old and that consent is not a defense to the crime of sexual assault of a minor under the age of 16. While we review a district court's decision to give a particular instruction for an abuse of discretion or judicial error, we review de novo whether a particular instruction is a correct statement of law. *Cortinas v. State*, 124 Nev. 1013, 1019, 195 P.3d 315, 319 (2008). We agree with Honea that the challenged jury instructions were incorrect statements of law.

In relevant part, the version of NRS 200.366(1) in effect when Honea was charged defined sexual assault as:

> A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself[,] . . . *against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct*, is guilty of sexual assault.

(Emphasis added.) This language provides two theories of criminal liability for sexual assault. The first theory criminalizes sexual penetration made against the victim's will. The second theory criminalizes sexual penetration made under conditions in which the perpetrator knew or should have known that the victim was mentally or physically incapable of resisting or understanding the nature of the conduct. Neither theory mentions the victim's age.

We recognized the omission of the victim's age in *Alotaibi v. State*, where we considered the same statutory language and concluded

statutory sexual seduction was not a lesser-included offense of sexual assault of a minor. 133 Nev. 650, 404 P.3d 761 (2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 1555 (2018). We clarified that the age of the victim only served to increase the maximum sentence the district court could impose for sexual assault of a minor. *Id.* at 654, 404 P.3d at 766. Specifically, we stated the following:

> [T]he offense of sexual assault, *regardless of whether it was committed against a minor*, has two statutory elements: "(1) subject[ing] another person to sexual penetration . . . (2) against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct."

*Id.* at 655-56, 404 P.3d at 766 (alteration in original) (emphasis added) (quoting 2007 Nev. Stat., ch. 528, § 7, at 3255 (NRS 200.366(1))). We explained that the victim's age was not an element of sexual assault or "essential to a finding of guilt." *Id.* at 655, 404 P.3d at 765. Thus, the victim's age, alone, does not establish the victim's ability to consent or the capacity to resist or understand the nature of the sexual conduct.

Nevertheless, the State argues that this court previously determined that minors under 16 were incapable of giving consent when we recognized "sixteen as the age of consent for sexual intercourse, anal intercourse, cunnilingus or fellatio." *Manning v. Warden*, 99 Nev. 82, 86 n.6, 659 P.2d 847, 849 n.6 (1983). We reject the State's argument that the age of consent from a wholly separate statute could be assigned to the sexual assault statute. The *Manning* decision referred to a previous version of statutory sexual seduction that contained an element of consent. *See* 1979 Nev. Stat., ch. 349, § 1(3), at 572 ("'Statutory sexual seduction' means ordinary sexual intercourse, anal intercourse, cunnilingus or fellatio

committed by a person 18 years of age or older with a *consenting* person under the age of 16 years." (emphasis added)). At the time Honea was charged, the statute had been modified to delete the word "consenting" and criminalized sexual acts based solely on the ages of those involved. *See* 2013 Nev. Stat., ch. 426, § 34(6)(a), at 2427. The modification eliminated the element of consent and thus any previously recognized age of consent. Any reliance on this language in *Manning* at Honea's trial for sexual assault was misplaced.

Our sexual assault statute has also undergone modifications, and the legislative history of the most recent amendment supports our conclusion that age was not determinative of any element in the statute at the time Honea was charged. In 2015, the Legislature modified the sexual assault statute to add an additional theory of liability:

> A person is guilty of sexual assault if he or she . . .
>
> (b) Commits a sexual penetration upon a child under the age of 14 years or causes a child under the age of 14 years to make a sexual penetration on himself or herself or another . . . .

2015 Nev. Stat., ch. 399, § 8, at 2235; NRS 200.366(1). The legislative history surrounding this change demonstrates that, prior to 2015, "[t]o prove a sexual assault occurred, the State [had to] show the child could not have consented to the act based on lack of age, life experiences and immaturity." *See* Hearing on A.B. 49 Before the Senate Judiciary Comm., 78th Leg. (Nev., May 8, 2015) (statement of James Sweetin, Chief Deputy District Attorney, Clark County District Attorney's Office). As explained, the amendment would "no longer require[ ] the State to show a child under the age of 14 . . . did not understand the conduct in order to prove a sexual assault." *Id.* The new theory of liability allowed prosecution without a showing of sexual penetration against the victim's will or under conditions

in which the defendant knew or should have known the victim was incapable of understanding or resisting but only where the victim was under the age of 14. Prior to this amendment, the State was required to prove lack of consent or an inability to resist or understand the nature of the sexual conduct, no matter the victim's age. And as discussed above, the victim's age, by itself, was not conclusive proof of either theory. Accordingly, the district court's instructions that 16 is the age of consent to sexual penetration and that consent in fact of a victim under 16 is not a defense to sexual assault of a minor under 16 were incorrect statements of law.

*Honea was entitled to an inverse jury instruction*

Honea also claims the district court erred by rejecting his proposed jury instruction. We have "held that the defense has the right to have the jury instructed on its theory of the case[,] . . . no matter how weak or incredible that evidence may be." *Crawford v. State*, 121 Nev. 744, 751, 121 P.3d 582, 586 (2005) (internal quotation marks omitted). And when a defendant requests "specific jury instructions that remind jurors that they may not convict the defendant if proof of a particular element is lacking," the district court must give those instructions. *Id.* at 753, 121 P.3d at 588. But a defendant is not "entitled to instructions that are misleading, inaccurate, or duplicitous." *Id.* at 754, 121 P.3d at 589.

Honea's proposed instruction stated the jury could not convict him if the State did not prove beyond a reasonable doubt that (1) the victim did not consent, (2) Honea knew or should have known that the victim was incapable of giving her consent, or (3) the victim did not understand the nature of the act. As written, Honea's proposed jury instruction partially misstated the law. It is not only that the victim did not understand the nature of the act but also that Honea knew or should have known the victim did not understand. But even where a defendant's proposed instruction is

SUPREME COURT
OF
NEVADA

(O) 1947A

poorly drafted, "the district court is ultimately responsible for . . . assuring that the substance of the defendant's requested instruction is provided to the jury" and is a correct statement of law. *See id.* at 754-55, 121 P.3d at 589. "[T]he district court may either assist the parties in crafting the required instructions or may complete the instructions sua sponte." *Id.* at 755, 121 P.3d at 589. Regardless of whether Honea's instruction was poorly drafted, Honea was entitled to a correctly worded instruction that reminded the jury it could not find him guilty of sexual assault of a minor under 16 years of age unless the State established beyond a reasonable doubt that sexual penetration occurred either (1) against the victim's will, or (2) under conditions in which Honea knew or should have known that the victim was mentally or physically incapable of resisting or understanding the nature of her conduct. Therefore, we conclude the district court abused its discretion by not giving an inverse jury instruction that correctly stated the law.

*The district court's jury-instruction errors were not harmless*

"This court evaluates appellate claims concerning jury instructions using a harmless error standard of review." *Mathews v. State*, 134 Nev. 512, 517, 424 P.3d 634, 639 (2018) (internal quotation marks omitted). The district court's errors pertaining to jury instructions will be harmless only if "we are convinced beyond a reasonable doubt that the jury's verdict was not attributable to the error and that the error was harmless under the facts and circumstances of this case." *Crawford*, 121 Nev. at 756, 121 P.3d at 590. But "[i]f a defendant has contested the omitted element [of a criminal offense] and there is sufficient evidence to support a contrary finding," the instructional error is not harmless. *Mathews*, 134 Nev. at 517, 424 P.3d at 639 (second alteration in original) (internal quotation marks omitted).

As concluded above, Honea was entitled to a properly worded jury instruction supporting his theory of defense. The district court's failure to give such an instruction, on its own, may have been harmless. But the resulting error was compounded by the instructions misstating the law about an age of consent and the unavailability of consent as a defense. We are not convinced beyond a reasonable doubt that these errors did not contribute, at least in part, to the jury's verdict. Because these errors were not harmless, we reverse and remand this matter for a new trial.[3]

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Silver

_____

[3]Because we reverse and remand for a new trial, we do not consider Honea's argument that the district court erred by denying his motion for a new trial based on juror misconduct and his motion for a judgment of acquittal.

Additionally, Honea argues the State presented insufficient evidence to sustain his conviction. After viewing the evidence in the light most favorable to the State, we disagree and conclude a rational trier of fact could have found, beyond a reasonable doubt, the elements of sexual assault of a minor under 16 years of age. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jackson v. State*, 117 Nev. 116, 122, 17 P.3d 998, 1002 (2001); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) ("[I]t is the jury's function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses.").